[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has applied for a waiver of fees related to an appeal he intends to file to the Appellate Court. The applicable practice book section is § 63-6 which reads, in pertinent part:
 If a party in any case where fees and costs may lawfully be waived is indigent and desires to appeal, that party may, within the time provided by the rules for taking an appeal, make written application, to the court to which the fees required by statute or rule are to be paid, for relief from payment of fees, costs and expenses. The application must be under oath and recite, or it must be accompanied by an affidavit reciting, the grounds upon which the applicant proposes to appeal and the facts concerning the applicant's financial status. . . .
 If the court is satisfied that the applicant is indigent and entitled to an appeal because of a statutory or constitutional right to court appointed counsel or allowing an indigent party to appeal without payment of fees, costs and expenses, the court may (1) waive payment by the applicant fees specified by statute and of taxable costs, and waive the requirement of Section 63-5 concerning the furnishing of security for costs upon appeal, and (2) order that the necessary expenses of prosecuting the appeal be CT Page 10649 paid by the state.
The court held a hearing on August 28, 2000. The court heard testimony regarding the defendant's alleged indigency and considered his financial statement which was part of his application for waiver of fees. The court was also shown a copy of an check dated August 10, 2000 in the amount of $400.00 sent to the defendant by the clerk.
At no time was the court presented with a verified account of the grounds upon which the commenced to break down many years ago as the plaintiff suffered from a depression, at least in hers mind, subsequent to her husband being arrested on drug charges and their apartment being raided. During all this period of time, the husband who was supposed to be handling the finances of the household, did not pay the bills consistently and did not set the family up in any effective budget. They tried marriage counseling but it was unsuccessful. The plaintiff remained in the marriage because of the children and now that they have reached adulthood, she is tired of struggling and can no longer endure the family situation. It is found that his family was somewhat overbearing on her and that contributed also to the depression that she suffered from several years ago. She felt that she was overcome by the bad temper of her husband and interventions of his family including one of his sisters who had a problem with alcohol having come to live with these parties presented a stressful situation to the plaintiff.
The court finds that the marriage has broken down irretrievably and the substantial cause of the breakdown of the marriage was the conduct of the defendant with respect to the plaintiff.
Several years ago, the defendant-husband was injured at work and settled a Worker's Compensation claim in 1997 for the net sum of $97,000.00. The parties treated this as a family owned asset and what remains of that settlement is now in the Cap account which is subjected to an order herein.
The plaintiff is in fair health and the defendant is in fair health and feels that he may need further surgery in the future although there is no medical evidence presented to the court for the court to find that that will indeed be necessary.
The defendant's earning capacity and his potential for earning income in the future is greater than that of the plaintiff and, accordingly, the court finds that a period of 5 years of rehabilitative alimony in order to allow the plaintiff an opportunity to upgrade her earning skills is appropriate. The court orders that the defendant pay to the plaintiff the sum of $75.00 per week alimony for a period of 5 years from the date of CT Page 10650 this Decision. It is further found that the defendant owes to the plaintiff, the sum of $480.00 as an arrearage on past due alimony pendente lite and orders that sum amount paid to her within a period of 30 days.
With respect to the Cap account, the court orders that the sum of $9,500.00 be set over and assigned to the plaintiff to be hers absolutely and the balance is assigned to the defendant. It is noted herein that the defendant made several substantial withdrawals from that account shortly before and after this suit was started, some of which are very questionable under the standing orders.
Further, the defendant is to return to the plaintiff the cabinet that was her grandmother's.
The defendant is ordered to pay to the plaintiff and hold her harmless one-half of the $2,000.00 Prudential bill and one-half of the First Union debt in the amount of $1,940.00. In addition, he shall pay and hold her harmless in connection with the judgment debt owed to the Middlesex Memorial Hospital. Each shall thereafter pay and satisfy any other obligations as appear on their affidavits.
One-half of the defendant's 401k at Shaws is assigned and set over to the plaintiff and the court retain Quadro jurisdiction to effect such order if necessary. The Credit Union account is set over to the defendant to his absolutely.
All other assets as shown on their respective financial affidavits are set over and assigned to the party on who's affidavit they appear with the exception of the defendant as ordered to remove the plaintiff from any liability in connection with ongoing taxes for the automobile he is driving and he shall pay the Durham auto tax outstanding.
A decree is entered dissolving the marriage.
It is so ordered.
 ___________________, J. HIGGINS